UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

              Plaintiff,              ORDER
                                       07-CV-1353 (FB)
  -against-

ROBERT SCOTT SCHEPP, MD, et al.,

             Defendants.
-----------------------------------------------------------x
GOLD, STEVEN M., U.S.M.J.:

      By Order dated July 26, 2010, the Honorable Frederic Block referred plaintiff's motion for default judgments against defendants Hillel Sher, MRI Global Imaging Services, Inc., and Forum Medical Management, Inc. to me for a report and recommendation on what relief should be awarded to plaintiff. Before proceeding with a damages inquest, plaintiff shall confirm that its claims against all other defendants in this action have been terminated and thus it is appropriate to proceed with an inquest. *See 3947 Austin Blvd. Assocs. v. M.K.D. Capital Corp.*, 2006 WL 785272, at *2 (S.D.N.Y. Mar. 24, 2006) (concluding that assessment of damages against defaulting defendants was premature prior to the disposition of the claims against the non-defaulting defendants); *Lawrence v. Vaman Trading Co.*, 1993 WL 190266, at *2 (S.D.N.Y. May 28, 1993) (deferring a damages inquest where a plaintiff seeks joint and several liability in order "to avoid the problems of dealing with inconsistent damage determinations") (internal quotation marks omitted); *Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992) (noting that "where some but not all defendants have defaulted, the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages

would pose the prospect of inconsistent judgments"). Plaintiff shall submit a letter no later than August 5, 2010, confirming that the defaulting defendants are the only defendants that remain in this action.

The court will consider all previous submissions in determining an award but requests that plaintiff provide the undersigned with a courtesy copy of its motion papers. In addition, the court seeks additional briefing on the following two issues:

1) Plaintiff seeks an award of over $3.8 million in damages against the defaulting defendants, based on insurance claims it paid to defendants Preferred Medical Imaging ("Preferred"), Deajess Medical Imaging ("Deajess"), and Boston Post Road Medical Imaging ("BPR"). Pl. Mem. 2-3, 11, 13, Docket Entry 221; Stolfe Decl. ¶¶ 2, 7, Docket Entry 220-8. Plaintiff shall address the impact, if any, of the settlements with the non-defaulting defendants, and specifically its settlement with Preferred, Deajess, and BPR, on its damages claim against the defaulting defendants. *See McDermott, Inc. v. AmClyde*, 511 U.S. 202, 204, 208 (1994) (adopting a proportionate share rule for the liability of a nonsettling defendant in an admiralty action and noting that "[i]t is generally agreed that when a plaintiff settles with one of several joint tortfeasors, the nonsettling defendants are entitled to a credit for that settlement"); *Twenty First Century L.P. I v. LaBianca*, 2001 WL 761163, at *5 (E.D.N.Y. May 2, 2001) (stating that the "Second Circuit has long recognized that 'when a plaintiff receives a settlement from one defendant, a nonsettling defendant is entitled to a credit of the settlement amount against any judgment obtained by the plaintiff against the nonsettling defendant as long as both the settlement and judgment represent common damages'") (quoting *Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989)); N.Y. GEN. OBLIG. LAW § 15-108(a) (providing that a settlement agreement with a joint tortfeasor defendant "reduces the claim of the releasor against the other

tortfeasors to the extent of any amount stipulated by the release or the covenant, . . . or in the amount of the released tortfeasor's equitable share of the damages . . ., whichever is the greatest"). *See also* Am. Compl. ¶¶ 123-28, 136-40, Docket Entry 138 (bringing common law fraud and unjust enrichment claims); Def. Mem. 5 (seeking default judgments on its common law claims).

2) Plaintiff also seeks a declaratory judgment that it is not obligated to pay pending insurance claims of more than $1 million submitted by Preferred, Deajess, and BPR. Levy Decl. ¶ 3, Docket Entry 220. Plaintiff shall explain the basis for entry of a declaratory judgment as part of a proceeding against the defaulting defendants when the declaratory judgment sought would extinguish claims of Preferred, Deajess, and BPR, who are non-defaulting defendants. Plaintiff shall also serve this Order and a copy of all of its papers concerning its application for a declaratory judgment on Preferred, Deajess, and BPR and shall provide proof of service to the court.

Plaintiff's further submission in support of damages is due no later than August 18, 2010. Any submission that the defaulting defendants, or that defendants Preferred, Deajess, and BPR, wish to make in response is due no later than September 1, 2010. Any reply that plaintiff wishes to make should be filed no later than September 8, 2010.

Upon receipt of this Order, plaintiff is hereby directed promptly to serve a copy of this Order by certified mail, return receipt requested, on the defaulting defendants at their last known addresses, and to provide the Court with a copy of the return receipts.

SO ORDERED.

Dated:       Brooklyn, New York
               July 29, 2010

                                                   _____s/_____
                                                    STEVEN M. GOLD
                                                    United States Magistrate Judge

*U:\eoc 2010\schepp default.docx*