UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
STATE FARM MUTUAL AUTOMOBILE : 
INSURANCE COMPANY, :
 :
                Plaintiff, : ORDER
 : 07-CV-1353 (FB)
   -against- :
 :
ROBERT SCOTT SCHEPP, MD, et al., :
 :
                Defendants. :
-------------------------------------------------------------x
GOLD, STEVEN M., U.S.M.J.:

       By letter dated August 2, 2010, plaintiff seeks to file under seal settlement agreements with certain non-defaulting defendants. Docket Entry 226. The court requested these documents in connection with plaintiff's motion for default judgment against defendants Hillel Sher, MRI Global Imaging Services, Inc., and Forum Medical Management, Inc. *See* Docket Entry 225. As noted in my prior Order, plaintiff's settlements with the non-defaulting defendants, and specifically any amounts paid in settlement by defendants Preferred Medical Imaging, Deajess Medical Imaging, and Boston Post Road Medical Imaging, may impact the court's calculation of damages to be awarded against the defaulting defendants.

       In the Second Circuit, there is a strong presumption in favor of maintaining the confidentiality of settlement agreements. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143-44 (2d Cir. 2004); *IIT v. Int'l Controls Corp.*, 2009 WL 3094942 (S.D.N.Y. Sept. 28, 2009); *Schoeps v. Museum of Modern Art*, 603 F. Supp. 2d 673, 676 (S.D.N.Y. 2009) (noting that "the Second Circuit strongly endorses the confidentiality of settlement agreements in virtually all cases"). Nonetheless, there is also a strong countervailing presumption in favor of public access to judicial documents. *See Schoeps*, 603 F. Supp. 2d at 676 n.2 (citing *U.S. v. Amodeo*, 44 F.3d

141, 145 (2d Cir. 1995)); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-24 (2d Cir. 2006).

In order to balance these opposing interests, I am granting plaintiff's application to file the settlement agreements under seal; however, my Report on plaintiff's motion for default judgment, which may make reference to amounts paid pursuant to those agreements, will of course be publicly filed. *See Travelers Indem. Co. v. Liberty Med. Imaging Assocs. P.C.*, 2009 WL 962788, at *2 (E.D.N.Y. Apr. 8, 2009) (permitting plaintiff to file settlement agreements under seal in support of its motion for default judgment with the non-settling defendants).

SO ORDERED.

Dated:      Brooklyn, New York
            August 3, 2010

_____s/_____
STEVEN M. GOLD
United States Magistrate Judge

*U:\eoc 2010\schepp default -- sealing.docx*